ALD-242                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2562
_____

IN RE: H. SCOTT GURVEY; AMY R. GURVEY,
Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(D.N.J. Civ. Nos. 2:18-cv-12702; 2:20-cv-07831; and 2:21-cv-16397)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 15, 2022

Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: September 26, 2022)
_____

OPINION*
_____

PER CURIAM

Amy and H. Scott Gurvey (the Gurveys) have filed a petition for a writ of

mandamus, seeking to vacate all orders entered by the previously presiding district judge

in three civil actions they brought in the United States District Court for the District of

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

New Jersey. The Gurveys' petition, like their past filings, is syntactically challenging.[1]

And their litigation history is sprawling. When organized, however, that history leads to

the inescapable conclusion that the Gurveys are not entitled to mandamus relief.

I.

The Gurveys' federal actions all map onto their foreclosure proceedings in state

court. We start our historical recitation there, albeit briefly so, before detailing the

litigation in the District Court and this Court.

A.      The State Foreclosure Case

The Gurveys were named as defendants in a foreclosure action filed in Essex

County, New Jersey by M&T Bank. Apparently, property taxes were in arrears. In any

event, the Gurveys' defenses were rejected, final judgment was entered by the Superior

Court of New Jersey, Chancery Division, and the subject home was eventually sold.

B.      The District Court Litigation – Gurvey I, Gurvey II, and Gurvey III

The action we refer to as Gurvey I (DC Civ. No. 2:18-cv-12702), started with a

notice of removal filed by the Gurveys, who wanted to litigate their foreclosure action in

federal court. The District Court (Wigenton, J.) entered an order that, as amended,

granted M&T Bank's motion to remand over the Gurveys' opposition.

---

[1] The Gurveys have proceeded pro se at every turn. Normally, pro se litigants benefit
from liberal construction of their filings. See Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir.
2021). But that rule arguably does not apply here, as Amy Gurvey is an attorney. Cf.
Allen v. Aytch, 535 F.2d 817, 821-22 n.21 (3d Cir. 1976).

The action we refer to as <u>Gurvey II</u> (DC Civ. No. 2:20-cv-07831), is the Gurveys' attempt to collaterally attack the state foreclosure action. The District Court (Wigenton, J.) entered orders granting the motion to dismiss filed by the defendants (M&T Bank and its attorneys), and denying the Gurveys' post-judgment motions.

In the action we refer to as <u>Gurvey III</u> (DC Civ. No. 2:21-cv-16397), the Gurveys challenged the constitutionality of eCourts, the New Jersey judiciary's electronic-filing regime. They also raised damages claims premised on the purported invalidity of the foreclosure proceedings. The District Court (Wigenton, J.) entered orders declining to recuse (on the basis of prior rulings) and rejecting the Gurveys' request for injunctive relief, and denying reconsideration.[2]

Thereafter, the Gurveys filed applications in <u>Gurvey I</u>, <u>Gurvey II</u>, and <u>Gurvey III</u> for an order to show cause (OTSC) why all orders entered in those cases should not be vacated, on the ground that Judge Wigenton had labored under a conflict of interest (the conflict argument). The Gurveys cited financial disclosure reports prepared by Judge Wigenton, indicating that in each of 2017, 2018 and 2019, Judge Wigenton received "dividend" income (of $1,000 or less) from her stock interest in Hudson City Bancorp, the entity that originated the Gurveys' mortgage and was later purchased by M&T Bank.

<u>Gurvey I</u>, <u>Gurvey II</u>, and <u>Gurvey III</u> were reassigned from Judge Wigenton to Judge Arleo (hereinafter, the District Court). By order entered in all three cases on March

---

[2] The <u>Gurvey III</u> action is ongoing as of the writing of this opinion.

17, 2022, the District Court (1) denied the Gurveys' application for an OTSC in <u>Gurvey I</u> and <u>Gurvey III</u>, and (2) construed the Gurveys' application for an OTSC as a Rule 60(b) motion, to be litigated in <u>Gurvey II</u>. The Gurveys did not appeal the March 17, 2022 order. Nor did they appeal the July 21, 2022 order subsequently entered by the District Court in <u>Gurvey II</u>, rejecting the Rule 60(b) motion that hosted the conflict argument.

C.     The Gurveys' Litigation in This Court

The Gurveys have struggled to navigate the procedural aspects of appellate practice. Their appeal in <u>Gurvey I</u>, was dismissed for failure to prosecute, as they had not timely paid the filing and docketing fees. Their untimely motion to reopen that appeal was denied. <u>See</u> <u>M&T Bank v. H. Gurvey</u>, C.A. No. 19-2006, Doc. 33 (3d Cir. May 27, 2020) (order). The Gurveys' first appeal in <u>Gurvey II</u> was dismissed as untimely. <u>See</u> <u>Gurvey v. M&T Bank Inc.</u>, C.A. No. 21-2142, 2021 WL 6102451, at *1 (3d Cir. Dec. 14, 2021) (non-precedential order). The second appeal in <u>Gurvey II</u>, moreover, was dismissed for failure to timely prosecute, as the Gurveys had not filed an opening brief as directed. <u>See</u> <u>Gurvey v. M&T Bank Inc.</u>, C.A. No. 21-2936, 2021 WL 8087219, at *1 (3d Cir. Nov. 3, 2021) (Clerk's order).

The Gurveys also filed an appeal related to <u>Gurvey III</u>. Months into that appeal, they stated a desire to obtain mandamus relief. We thus advised that *if* the Gurveys wished "to file a mandamus petition, they must do so by initiating a new case in this Court, paying the applicable filing fee, and otherwise complying with Federal Rule of Appellate Procedure 21." <u>Gurvey v. Grant</u>, C.A. No. 21-2953, Doc. 10-1 (3d Cir. Mar.

4

22, 2022) (order). At the same time, we directed the Gurveys to file their opening brief within thirty days *if* they wished to pursue their extant appeal of the underlying rulings of the District Court in Gurvey III. Ultimately, the appeal at C.A. No. 21-2953 was dismissed for failure to prosecute when the Gurveys did not timely file their opening brief. See id. at Doc. 12 (3d Cir. May 2, 2022) (order).

Like their appeals, the Gurveys' original proceedings in this Court have failed to find footing. For example, the Gurveys' mandamus petition seeking, in effect, review of the remand order in Gurvey I was dismissed in light of 28 U.S.C. § 1447(d) (providing that, with limited exceptions, remand orders are unreviewable). See In re: Gurvey, C.A. No. 19-2130, Doc. ID No. 003113319262 (3d Cir. Aug. 14, 2019) (order).[3]

More recently—and of greater relevance here—we rejected the Gurveys' mandamus petition seeking, in part, to vacate Judge Wigenton's orders based on the conflict argument.[4] We reasoned that the Gurveys had "alternative, adequate means to obtain the relief they seek," and that, insofar as they sought "to relitigate rulings made by the District Court in their three federal actions, mandamus relief is not a substitute for the traditional appellate process." In re: Gurvey, C.A. No. 22-1713, Doc. 5-2 (3d Cir. May 9, 2022) (order).

---

[3] The Gurveys' request for a refund of the fees they paid for C.A. No. 19-2130, was denied. See C.A. No. 19-2006, Doc. 33 (3d Cir. May 27, 2020) (order).

[4] That petition and attendant filings also sought to halt a scheduled sheriff's sale. We declined to interfere with the state court litigation.

Such is the backdrop for the Gurveys' current mandamus petition, which again raises the conflict argument and demands that "[a]ll Judge Wigenton's orders . . . be vacated."

## II.

Mandamus is a "drastic remedy" reserved for "extraordinary circumstances," In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005)—circumstances that are not presented in this case. In fact, the Gurveys' petition does not meet the standard for mandamus relief for the same reasons we gave in denying the petition in In re: Gurvey, C.A. No. 22-1713. In particular, the Gurveys had adequate means to, and did, present the conflict argument in the District Court by way of their application for an OTSC, construed as a Rule 60(b) motion. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) ("Before a writ of mandamus may issue, a party must establish that [ ] no other adequate means [exist] to attain the relief he desires[.]"). That the District Court denied relief does not impugn the adequacy of Rule 60(b) to, in an appropriate case, invalidate orders entered by a disqualifiable judge. Cf. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).

Furthermore, the Gurveys could have appealed either the District Court's March 17, 2022 order denying relief in Gurvey I and Gurvey III, or the July 21, 2022 order denying the Rule 60(b) motion in Gurvey II. Those squandered opportunities reveal a separate and independent basis to deny the Gurveys' petition: The well-settled rule that mandamus is not a substitute for the normal appellate process. See Westinghouse Elec.

6

Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991); see also Helstoski v. Meanor, 442 U.S. 500, 506 (1979) (explaining that a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal"). Critically absent from the Gurveys' petition is any explanation, let alone a persuasive one, why they could not have availed themselves of that process.[5]

### III.

Accordingly, for the reasons given above, the Gurveys' mandamus petition will be denied. Their requests for the return of filing and docketing fees paid in C.A. Nos. 19-2006, 21-2953 and 22-1713, see Doc. 4 & 5, are denied. Cf. Porter v. Dep't of Treasury, 564 F.3d 176, 179 (3d Cir. 2009) ("It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits—appellants are not entitled to the return of their filing and docketing fees.").

---

[5] Contrary to the Gurveys' belief, we did not in C.A. No. 21-2953 authorize or invite them to file any mandamus petition, including the one they eventually filed at C.A. No. 22-1713. Rather, we simply rejected the Gurveys' efforts to litigate a mandamus petition within the confines of an appeal, and then explained to them the process for initiating an independent mandamus proceeding. See Gurvey v. Grant, C.A. No. 21-2953, Doc. 10-1 (3d Cir. Mar. 22, 2022) (order).